UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EBONI MAJOR,<br><br>                      Plaintiff,<br><br>     v.<br><br>DIAGEO NORTH AMERICA, INC.<br><br>                      Defendant. | Case No. 22-3027 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Diageo North America, Inc. ("Defendant") removes this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. The grounds for removal are:

1.     Plaintiff Eboni Major ("Plaintiff") commenced this action on April 8, 2022, by filing a civil complaint in the Supreme Court of the State of New York, County of New York, alleging discrimination based on race, disparate treatment based on race, and retaliation based on race in violation of the New York City Human Rights Law. The case is styled *Eboni Major v. Diageo North America, Inc.*, Case. No. 153071/2022, filed in the *Supreme Court of the State of New York County of New York.* A copy of the complaint is attached hereto as Exhibit 1.

2.     As of the time of this filing, Defendant has not been served with the complaint, but obtained a copy through other channels.

3.     For the purposes of removal, this Court has jurisdiction over this case, as it is between citizens of different States, and the amount in controversy exceeds $75,000. *See* 28

U.S.C. § 1332. As to the amount in controversy, the complaint demands compensatory and punitive damages and attorneys' fees on all three causes of action. Compl. ¶¶ 268-269, 271-272, 275-276, 278-279, 284-285, 287-288. Further, the complaint demands damages "in a sum to be determined at trial, but which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction." Compl. ¶¶ 270, 277, 286. While the complaint does not specify the exact amount of damages sought, it appears to a reasonable probability that the amount in controversy exceeds $75,000 based on the compensatory and punitive damages demand, and the fact that the amount sought exceeds the jurisdictional limits of lower state courts. *See, e.g.*, N.Y. Const. art. VI, § 11 (New York County Courts lose jurisdiction when the amount in controversy exceeds $25,000); *Antoine v. Brooklyn Maids 26, Inc.*, 489 F. Supp. 3d 68, 101 (E.D.N.Y. 2020) ("The NYCHRL, on the other hand, imposes *no limit on the amount of punitive damages a court may award*.") (emphasis added); *Duarte v. St. Barnabas Hosp.*, 341 F. Supp. 3d 306, 331-32 (S.D.N.Y. 2018) (upholding a damages award for claims under the New York City Human Rights Law in excess of $75,000).

4. According to the complaint, Plaintiff is "a resident of the State of Alabama." Compl. ¶ 3. On information and belief, Plaintiff was a resident of the State of Alabama at the time she filed her complaint and remains so at this time.

5. Defendant is incorporated in Connecticut, has its principal place of business in the United States in New York, New York, was a citizen of New York at the time the complaint was filed, and remains so. *See* 28 U.S.C. § 1332(c)(1); *see also* Compl. ¶ 4 (alleging that Defendant is a foreign business corporation with its North American Headquarters in New York).

6. Removal of this action is proper under 28 U.S.C. § 1441. Although that statute bars removal of a case based on diversity of citizenship if a defendant "is a citizen of the State in which

such action is brought," that bar applies only when such a forum-state defendant has been "properly joined *and served.*"  *See* 28 U.S.C. § 1441(b)(2) (emphasis added).  The Second Circuit has squarely held that this so-called "forum defendant rule" does not prevent removal of a state-court action on diversity grounds before a forum-state defendant has been served.  *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704–07 (2d Cir. 2019) (recognizing that the forum defendant rule does not prevent removal by the home-state defendant before service is effected); *see also Encompass Ins. Co. v. Stone Mansion Restaurant, Inc.*, 902 F.3d 147, 152 (3d Cir. 2018) (same). Defendant has not yet been properly served.

7. Removal also is timely and proper under 28 U.S.C. § 1446. Specifically, § 1446(b)(1) requires a defendant to remove within 30 days of receiving service. To date, Diageo has not been served.

8. Section 1446(a) requires the attachment of all process, pleadings, and orders served upon the removing defendant in the State action. Because Defendant has not been served, no attachments are required under Section 1446(a). Nevertheless, the State court complaint is attached as Exhibit 1.

9. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be served on the Plaintiff, and a copy of this Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of New York.

10. With this removal, Defendant does not waive any defense including, but not limited to, (1) insufficient service of process, (2) the conduct alleged is not subject to the NYC Human Rights Act, and/or (3) that Plaintiff's claims are subject to a valid and binding arbitration agreement. *See Cantor Fitzgerald, L.P. v. Peaslee*, 88 F.3d 152, 157 n.4 (2d Cir. 1996) ("Removal does not waive any Rule 12(b) defenses.").

THEREFORE, Diageo North America, Inc. has removed this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

**HUNTON ANDREWS KURTH LLP**

*/s/ Christopher M. Pardo*
Christopher M. Pardo (Bar No. 5682802)
60 State Street, Suite 2400
Boston, MA 02109
Tel: (617) 648-2800
Fax: (617) 433-5022
Email: cpardo@HuntonAK.com

Amber M. Rogers (*pro hac vice forthcoming*)
1445 Ross Avenue, Suite 3700
Dallas, TX 75202
Tel:  214.979.3000
Email: arogers@huntonak.com

*Counsel for Diageo North America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2022, I served a true and correct copy of the foregoing on counsel of record via the Court's CM/ECF system.  I further certify that on April 12, 2022, I sent the foregoing document by first-class mail and e-mail to:

Laura M. Trachtman
Trachtman & Trachtman
48 Wall Street, 11th Floor
New York, New York 10005
LMT@TraxLaw.com
(917) 676-7317

*Counsel for Plaintiff Eboni Major*

*/s/ Christopher Pardo*
Christopher Pardo