UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
EBONI MAJOR, :
:
Plaintiff, :
:  22-cv-3027 (LJL)
-v- :
:  MEMORANDUM AND
DIAGEO NORTH AMERICA, INC., :  ORDER
:
Defendant. :
:
-------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/06/2022

LEWIS J. LIMAN, United States District Judge:

Plaintiff Eboni Major ("Plaintiff" or "Major") moves to remand this action to New York State Supreme Court. Dkt. No. 8. Plaintiff commenced this action on April 8, 2022 by filing a civil complaint in the Supreme Court of the State of New York, New York County, alleging discrimination based on race, disparate treatment based on race, and retaliation based on race in violation of New York City Human Rights Law. Dkt. No. 1-1. Plaintiff is an African American woman and an award-winning whiskey blender. *Id.* ¶ 3. She was employed by defendant Diageo North America, Inc. ("Defendant" or "Diageo") from October 2015 to June 2021. *Id.* ¶¶ 8, 264. During that time, she held various positions including Blending Intern, Blending Quality Apprentice, and Blending Quality Specialist. *Id.* ¶¶ 8–10. Among other accomplishments, she successfully pitched and created for Defendant a brand new, award-winning whiskey blend called Blenders Select. *Id.* ¶¶ 124–125, 196, 206–208, 215, 256. In September 2020, she won Diageo's Global Craftsperson of the Year award. *Id.* ¶ 244. Plaintiff alleges that, while she was employed by Diageo, she suffered severe and pervasive discrimination, including but not limited to being treated worse than white women in terms of compensation and expectations, having her hard work credited to white employees, and not

being given the same recognition as white employees, resulting in a hostile work environment and ultimately leading to her constructive termination in retaliation for her multiple complaints. *Id.* ¶ 2.  Plaintiff brings claims for (1) discrimination based on race under the New York City Human Rights Law, New York City Administrative Code § 8-107, *id.* ¶¶ 265–272; (2) disparate treatment under the New York City Human Rights Law, *id.* ¶¶ 273–279; and (3) retaliation in violation of the New York City Human Rights Law, *id.* ¶¶ 280–286.  She seeks compensatory and punitive damages, as well as attorney's fees, "in a sum to be determined at trial, but which exceeds the jurisdictional limit of all lower courts which would otherwise have jurisdiction." *Id.* ¶ 270; *see also id.* ¶¶ 277, 286.  Plaintiff is a resident of the State of Alabama.  *Id.* ¶ 3.  Diageo is a foreign business corporation with its North American headquarters located in New York, New York.  *Id.* ¶ 4.

On April 12, 2022, Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, on the grounds that the Court possessed diversity jurisdiction because the case was between citizens of different States and the amount in controversy exceeded $75,000.  Dkt. No. 1 ¶ 3.  Defendant asserted that "it appears to a reasonable probability that the amount in controversy exceeds $75,000 based on the compensatory and punitive damages demand, and the fact that the amount sought exceeds the jurisdictional limits of lower state courts."  *Id.*  The notice of removal noted that "New York County Courts lose jurisdiction when the amount in controversy exceeds $25,000" and that the New York City Human Rights Law imposes no limit on the amount of punitive damages a court may award.  *Id.*

Plaintiff moves to remand.  Dkt. No. 8.  In support of her motion, Plaintiff argues that defendant's notice of removal is deficient because it lacks proof that the amount in controversy exceeds $75,000.  Dkt. No. 10 at 2.  Plaintiff asserts that Defendant has failed to show with

"competent proof" and by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id.* at 3. In particular, she points out that there is a $50,000 gap between the jurisdictional floors of the federal courts and New York State Supreme Court that Defendant has not filled with evidence. *Id.* at 4.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by . . . the defendants." 28 U.S.C. § 1441(a). The district courts have original jurisdiction of all civil actions where the matter in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," and is between "citizens of different States." 28 U.S.C. § 1332(a), (a)(1). A plaintiff must plead and, if challenged, must show, that it appears to a "reasonable probability" that the claim is in excess of the statutory jurisdictional amount. *Gilman v. BHC Sec., Inc.*, 104 F.3d 1418, 1421 (2d Cir. 1997).

Section 1446(a) of Title 28 sets forth the procedure for removal of civil actions. Among other things, it requires a defendant desiring to remove a civil action from state court to file in federal court "a short and plain statement of the grounds for removal." 28 U.S.C. 1446(a). "When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith. Similarly, when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (citations omitted). In *Dart Cherokee*, the Supreme Court outlined the procedure to be followed where, as here, the state court complaint does not allege the amount in controversy: "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence

establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 89.

The notice of removal plausibly alleges an amount in controversy in excess of the $75,000 threshold. Defendant does not rely exclusively on Plaintiff's allegation that that the amount sought exceeds the jurisdictional limits of lower state courts. Such allegation plainly would be insufficient alone to provide a basis for federal diversity jurisdiction. *Cf. Felipe v. Target Corp.*, 572 F. Supp. 2d 455, 459 (S.D.N.Y. 2008) (holding that allegation that amount in controversy exceeds the jurisdictional limits of the New York lower state courts is "inconclusive as to the amount in controversy"). Defendant also relies on the compensatory and punitive damages demand in the state court complaint. Although it is not laid out in detail in the notice of removal, the reference to the compensatory and punitive damages demand—together with the state court complaint to which it refers—plausibly establish an amount in controversy in excess of $75,000. Among other things, Plaintiff alleges that she held a senior blending role at Defendant, created an award-winning whiskey blend, participated in a marketing campaign that generated in excess of $1 million in revenue for Defendant, and that she sat for interviews for publications such as The New York Times, Vibe Magazine, and the Daily Beast. Dkt. No. 1-1 ¶¶ 191, 204. She also alleges that, over a period of at least four years, she was not properly compensated for her work and was subjected to a hostile work environment, that she developed hypertension as a result of the emotional distress caused by Defendant, and that she was constructively terminated by Diageo. *Id.* ¶¶ 195, 230, 264. She alleges that as a result of Defendant's unlawful employment practices, she "has suffered extreme mental anguish, physical injury, outrage, severe anxiety about her future, painful embarrassment among her friends and co-workers, disruption of her personal life and loss of enjoyment of the ordinary pleasures of

everyday life, as well as damage to her physical health." *Id.* ¶ 269; *see also id.* ¶ 276.  If Plaintiff were to succeed in these allegations, it is clearly plausible that her compensatory and punitive damages would exceed $75,000.  *See Juarbe v. Kmart Corp.,* 2005 WL 1994010, at *2 (S.D.N.Y. Aug.17, 2005) (reviewing allegations of complaint and concluding that they indicate a likelihood that the $75,000 threshold will be met).

Moreover, in the face of Plaintiff's challenge, Defendant has submitted to the Court evidence that establishes by far more than a preponderance that the amount in controversy exceeds $75,000.  Dkt. No. 12; *see also* 28 U.S.C. 1446(c)(2)(B).  That evidence includes the declaration of counsel stating that, since August 2020, Plaintiff has made multiple monetary demands to settle the case and that, from August 2020 to her most recent monetary demand in January 2022, Plaintiff's settlement demands have not been less than a seven-figure amount, Dkt. No. 12 ¶ 2, as well as a report from The New York Times that Plaintiff previously rejected an offer of $300,000 to leave Diageo, Dkt. No. 11 at 3 & n.1 (citing Clay Risen, *For One Black Whiskey Maker, Accolades and Now a Lawsuit*, N.Y. Times, Apr. 12, 2022, https://www.nytimes.com/2022/04/12/dining/eboni-major-diageo-discrimination.html).  *See Lopez v. Target Corp.*, 2021 WL 4272292, at *2 (W.D.N.Y. Sept. 21, 2021) (holding that plaintiff's pre-suit demand letter was sufficient to prove by a preponderance of the evidence that the amount in controversy in the case exceeded $75,000).  It also includes evidence that Plaintiff has refused a stipulation that she is not seeking to recover for amounts exceeding $75,000.  *See* Dkt. No. 12 ¶ 3; *Rhythm of Life Corp. v. Hartford Fin. Servs. Grp. Inc.*, 522 F. Supp. 3d 4, 8 (S.D.N.Y. 2021) (holding that evidence that plaintiffs "declined an invitation to stipulate the value of their underlying claim below the jurisdictional threshold" supported conclusion that jurisdictional threshold was satisfied (citing *Felipe v. Target Corp.*, 572 F. Supp. 2d 455

(S.D.N.Y. 2008), for finding that the plaintiff "effectively conceded the amount in controversy issue" when defendant's "counsel attempted to seek an agreement with plaintiff's counsel to limit plaintiff's damages to $75,000" and there was no response, and then citing *Yong Qin Luo v. Mikel*, 625 F.3d 772, 776 (2d Cir. 2010), for citing this aspect of *Felipe* with approval). Plaintiff has not refuted this evidence or offered evidence to the contrary. Accordingly, Defendant has satisfied its burden of showing by a preponderance of the evidence that the value of the underlying claim exceeds the jurisdictional amount.

## CONCLUSION

For the reasons stated, the motion to remand is DENIED.

The Clerk of Court is respectfully directed to close Dkt. No. 8.


SO ORDERED.

Dated: June 6, 2022
New York, New York

                                        LEWIS J. LIMAN
                                        United States District Judge