```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                               :
EBONI MAJOR,                                                   :
                                                               :
                                Plaintiff,                     :
                                                               :      22-cv-3027 (LJL)
                -v-                                            :
                                                               :      MEMORANDUM AND
DIAGEO NORTH AMERICA, INC.,                                    :           ORDER
                                                               :
                                Defendant.                     :
                                                               :
---------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

      Plaintiff Eboni Major ("Plaintiff" or "Major") moves for an order vacating the Court's June 6, 2022 Memorandum and Order denying her motion to remand to state court, Dkt. No. 13, and requests that the Court consider her late-filed reply papers, Dkt. Nos. 14–15. *See* Dkt. No. 16. Due to personal circumstances and a misunderstanding of the briefing schedule, Plaintiff's counsel missed the deadline to file reply papers and instead filed them shortly after the Court issued its Memorandum and Order ruling on the motion. *See id.* Defendant Diageo North America, Inc. ("Defendant" or "Diageo") opposes reconsideration of the Court's decision because Defendant contends that, even if the Court were to consider Plaintiff's untimely reply papers, none of the arguments raised would alter the Court's decision. Dkt. No. 17. For the following reasons, Plaintiff's motion is denied.

      The facts of the case are set forth in the Court's June 6, 2022 Memorandum and Order, Dkt. No. 13, and familiarity with that Memorandum and Order is assumed.

      The Court construes Plaintiff's motion to be a motion for reconsideration. "A motion for reconsideration should be granted only if the movant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent

manifest injustice.'" *Spin Master Ltd. v. 158*, 2020 WL 5350541, at *1 (S.D.N.Y. Sept. 4, 2020) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)).  Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000).  "The standard for granting a motion for reconsideration 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked— matter, in other words, that might reasonably be expected to alter the conclusion reached by the Court.'" *Justice v. City of New York*, 2015 WL 4523154, at *1 (E.D.N.Y. July 27, 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).  A motion for reconsideration "is not a 'vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.'" *Spin Master*, 2020 WL 5350541, at *1 (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)).

Though Plaintiff raises several arguments in her late-filed reply papers,[1] none are grounds for reconsideration of the Court's decision.  First, Plaintiff argues that, by relying on settlement negotiations and a newspaper article to demonstrate the amount in controversy exceeds $75,000, Defendant improperly relied on inadmissible hearsay and inadmissible evidence under Federal Rule of Evidence 408.[2]  Dkt. No. 14 at 2–3, 5. Reconsideration,

---

[1] The Court here considers Plaintiff's arguments even though "a party is barred from making for the first time in a motion for reconsideration an argument it could readily have raised when the underlying issue was being briefed but chose not to do so." *Assoc. Press v. U.S. Dep't of Defense*, 395 F. Supp. 2d 17, 20 (S.D.N.Y. 2005).
[2] Federal Rule of Evidence 408(a) provides: "Evidence of the following is not admissible—on behalf of any party—either to prove or disprove the validity or amount of a disputed claim . . . (1) furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—

however, is not warranted on this ground.  Even if the Federal Rules of Evidence were applicable to the Court's consideration of whether Defendant has shown a basis for removal under Section 1446, however, Rule 408 itself would not bar consideration of a rejected offer of settlement for the purposes of deciding that the amount in controversy is in excess of the offered settlement. *See, e.g.*, *Grinnell Mut. Reinsurance Co. v. Haight*, 697 F.3d 582, 585 (7th Cir. 2012) ("Although settlement negotiations are not admissible at trial pursuant to Federal Rule of Evidence 408 to prove liability for or invalidity of the claim or its amount, they can be considered 'to show the stakes' when determining whether the amount in controversy is met." (citing *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006))); *Valdez v. Byers*, 2009 WL 1440090, at *1 (D. Colo. May 20, 2009) ("Use of a settlement figure at this early point in the litigation is permitted to establish the amount in controversy, even if Rule 408 would later prohibit its use *at trial* to establish 'liability for or invalidity of [a] claim or its amount.'" (quoting Fed. R. Evid. 408(a))).  Moreover, there is authority—not addressed by Plaintiff—that the rules of admissibility under the Federal Rules of Evidence do not strictly apply to a preliminary and miscellaneous matter such as deciding whether the amount in controversy requirement has been satisfied for purposes of removal.  *See Knowles Pub. v. Am. Motorists Ins. Co.*, 248 F.3d 1139 (5th Cir. 2001) ("[T]he district court did not err when it relied on the affidavit from AMICO's attorney to calculate an approximation of the amount in controversy, as this Court has clearly expressed that a removing attorney may also rely on affidavits.  Thus, although the affidavits may be hearsay or are conclusory statements as Knowles argues, this circuit's precedent indicates that they are admissible for proving the amount in controversy

---

a valuable consideration in compromising or attempting to compromise the claim; and (2) conduct or a statement made during compromise negotiations about the claim . . . ."  Fed. R. Evid. 408(a).

necessary for federal subject matter jurisdiction." (citation omitted)); *Butler v. Charter Commc'ns, Inc.*, 755 F. Supp. 2d 1192, 1196 (M.D. Ala. 2010) ("[A] district court in this circuit concluded that documents do not have to strictly comply with all prerequisites of admissibility to be considered on a motion to remand.  The court reasoned that a court's ruling on a motion to remand is not an evidentiary finding, but a preliminary ruling.  Other district courts within this circuit have also concluded the failure to authenticate a document is not a sufficient ground to exclude it from consideration in a motion to remand." (citations omitted)); *cf. Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013) (rejecting argument that affidavits containing inadmissible hearsay are insufficient to establish the amount in controversy because the jurisdictional requirements of removal under the Class Action Fairness Act do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard).

Plaintiff further argues that Defendant submitted no proof that Plaintiff made a settlement demand at the time the suit was filed and did not state the exact amount demanded.  Dkt. No. 14 at 5.  The relevant question, however, is whether at the time of removal there was a reasonable probability that the amount in controversy exceeded $75,000, and Defendant's counsel has submitted a declaration that the parties attempted to settle the case before removal and that "Plaintiff's settlement demands have not been less than a seven-figure amount."  Dkt. No. 12 ¶ 2. Defendant thus does not seek through later-created documents to create a basis for removal that did not exist at the time the notice of removal was filed.  The case was removable at the time the notice of removal was filed.

Next, Plaintiff argues that Defendant attempted to shift the burden of proof to Plaintiff to demonstrate that the amount in controversy does not meet the jurisdictional threshold.  Dkt. No. 14 at 2–4.  But the Court's decision placed the burden of proof on Defendant and did not shift it

4

to Plaintiff.  *See* Dkt. No. 13 ("Defendant has satisfied its burden of showing by a preponderance of the evidence that the value of the underlying claim exceeds the jurisdictional amount.").

Finally, Plaintiff argues that Defendant's notice of removal was premature.  Dkt. No. 14 at 6.  Even if Plaintiff's reply papers were timely filed, this argument was not raised in Plaintiff's initial moving papers, and new arguments presented in reply are not ordinarily considered.  However, even if the Court considers this argument, Plaintiff's argument fails.  Plaintiff relies on *Fayet v. Target Corp.*, 2021 WL 706332, at *2–3 (S.D.N.Y. Feb. 22, 2021), in which a plaintiff did not respond to the defendants' proposed stipulation capping damages at $75,000 and the defendants subsequently removed the case from state court.  The court in *Fayet* held that the plaintiff's silence in response to defendants' proposed stipulation did not meet the receipt requirement of 28 U.S.C. § 1446(b)(3), "which provides that a defendant may file a notice of removal only within 30 days after 'receipt by the defendant' of an amended pleading, motion, order or other paper 'from which it may first be ascertained that the case is one which is or has become removable.'"  *Fayet*, 2021 WL 706332, at *3.  Here, unlike in *Fayet*, Defendant supported removal by reference to the state-court complaint that supported the plausible inference that the amount in controversy was in excess of $75,000 and then—when challenged—submitted evidence (not contradicted) that the inference was factually supported.  That evidence included a similar stipulation that Plaintiff refused to sign, but it was not limited to that stipulation.  Thus, even assuming that a defendant cannot create a basis for removal solely by insisting that the plaintiff sign a stipulation that it will never seek more than the jurisdictional amount, the Court's conclusion that this case was removable was not based on that evidence alone.  Accordingly, Plaintiff's argument does not provide grounds for reconsideration.

For the reasons given, Plaintiff's motion for reconsideration is DENIED.

SO ORDERED.

Dated: June 9, 2022
      New York, New York

                                          LEWIS J. LIMAN
                                    United States District Judge